In the Matter of GENERAL LINEN SUPPLY AND LAUNDRY COMPANY, INC., Respondent, against NEW YORK LINEN SUPPLY AND LAUNDRY COMPANY, INC., Appellant.

**Practice — arbitration — objectionable questions.**

Questions submitted for arbitration which tend to decide in part the points in controversy are objectionable.

*Matter of General Linen Supply & Laundry Co.* v. *N. Y. Linen Supply & Laundry Co.*, 219 App. Div. 791, modified.

(Argued May 28, 1928; decided June 12, 1928.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial

department, entered February 2, 1927, which unanimously affirmed an order of Special Term directing that the parties hereto proceed to arbitration.

*Howard Thayer Kingsbury* and *Walter R. Barry* for appellant. The proposed submissions to arbitration do not come within the purview of the Arbitration Law. (*Webster* v. *Van Allen*, 217 App. Div. 219; *Manice* v. *Hudson River R. R. Co.*, 3 Duer, 426.)

*Ralph Weller* and *Milton M. Eisenberg* for respondent. The proposed form of submission should be retained as provided for in the order forming the subject-matter of this appeal. (*People* v. *Davis*, 231 N. Y. 60.)

*Per Curiam.* The contract has been properly construed as providing generally for arbitration of any question arising thereunder.

The questions submitted are, however, subject to the objection that they tend to decide in part the points in controversy.

The order appealed from should be modified by striking out the questions submitted and substituting in place thereof the following, viz.:

(a) Whether or not the accounting and other expenses, if any, of arbitrations already had between the parties are necessary and incidental to the fulfillment thereof, and whether or not such expenses shall be charged to the net assets of the New York Linen Supply & Laundry Company, Inc.

(b) Whether or not the bleaching plant located at Long Island City together with all its contents is to be valued at more than $6,000.

(c) Whether or not the petitioner's assignors (the withdrawing stockholders) were wrongfully charged with approximately $6,000 for boilers and fixtures of Star Steam Laundry located at 553 West Forty-second street, New York city.

(d) Whether the proportionate share of the General

Linen Supply & Laundry Company, Inc., shall or shall not be increased by reason of the facts with reference to the 1,283 shares of common stock held by I. N. Thurman.

The order as so modified should be affirmed, without costs.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Ordered accordingly.